IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







WR 45,219-02






EX PARTE DOMINIQUE JEROME GREEN, Applicant






MOTION FOR EXTRAORDINARY RELIEF


FROM ANDERSON COUNTY






 Womack, J., filed a statement respecting the dismissal of the motion.



 I join the court's order dismissing the applicant's motion, with the understanding
that it in no way prevents the applicant from seeking relief through the correct procedure.
That, of course, would be to apply for the writ of habeas corpus. That procedure gives
persons who are sentenced to death a way to present claims for relief from those sentences. It allows them to use all the resources of the courts to present facts that would be
important to such sentences. This applicant knows of that procedure, which he already has
used once since he was convicted. The law permits him to use it again if he has a new claim
that he could not have presented before.

 Instead, he has filed a motion that is not adequate for us to decide anything about his
case. The motion, as I read it, alleges three things that might be relevant. The first is that a
ballistics expert testified in his trial to link a pistol in his car to a bullet that was fired at the
scene of the crime, and another prisoner has received habeas corpus relief because of the
faulty testimony of a different ballistics expert. This means little to the applicant's case,
and it means even less in light of the fact that the applicant himself admitted that the pistol
in his car was used in the crime and that he was at the scene of the crime. His defense was
that someone else fired the pistol. Ballistics evidence has no effect on that question.

 The second thing is that a newspaper has reported problems with analyses of DNA by
the laboratory of the Houston Police Department. He does not say that any DNA analysis
was used in his trial.

 The third thing is that a newspaper has reported that 280 mislabled boxes of
evidence, previously thought to be lost, have been found at the laboratory of the Houston
Police Department. He does not say that anything in these boxes involves his case; he wants
to inspect them to find out if they do.

 The way for the applicant to raise these issues, I repeat, is to follow the procedures
for habeas corpus applications under Article 11.071 of the Code of Criminal Procedure.


Filed October 21, 2004.

Do not publish.